UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIANE BURCHETTE,

                        Plaintiff,

            -against-

AHARON GLADSTEN, ET AL.,

                        Defendants.

---

24-CV-4901 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Diane Burchette, who is appearing *pro se*, styles this action as a notice of removal of a malpractice case filed by the estate of Anthony Spencer from the New York State Supreme Court, Bronx County. *See Spencer v. Gladstein*, Ind. No. 23849/2013E (N.Y. Sup. Ct., Bx. Cnty.). By order dated July 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action

to the state court *sua sponte* within 30 days of the filing of the notice of removal, and may do so

any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo*

*& Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life &*

*Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

### A.    Proceeding *pro se* on behalf of an estate

Plaintiff filed this action in her role as executrix of the estate of Anthony Spencer. The

provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of

representation: "that by an attorney admitted to the practice of law by a governmental regulatory

body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d

1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se*

means to appear for one's self, a person may not appear on another person's behalf in the other's

cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553,

558 (2d Cir. 1998).

"[T]he administrator and sole beneficiary of an estate with no creditors may appear *pro se*

on behalf of the estate." *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010); *see also Pappas v.*

*Philip Morris, Inc.*, 915 F.3d 889, 897 (2d Cir. 2019). But when the estate has beneficiaries or

creditors other than the litigant, the "action cannot be described as the litigant's own, because the

personal interests of the estate, other survivors, and possible creditors . . . will be affected by the

outcome of the proceedings." *Iannaccone*, 142 F.3d at 559; *Pridgen v. Andresen*, 113 F.3d 391,

393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed *pro se* when

the estate has beneficiaries or creditors other than the litigant.").

Here, although Plaintiff asserts that she is the executrix of the estate of Anthony Spencer,

she does not allege that she is an attorney or that there are no other beneficiaries or creditors of

the estate. It therefore appears that Plaintiff lacks standing to assert claims *pro se* on behalf of the estate of Anthony Spencer, much less to remove the estate's case to this court.[1]

**B.      Removal to federal court**

Even if Plaintiff had standing to bring claims on behalf of the estate of Anthony Spencer, she could not remove the state court action to federal court. The estate is the plaintiff in the state court action, and only a defendant can remove an action to federal court. *See* 28 U.S.C. §§ 1441(a) and 1446(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941) (removal privilege limited to defendants only). "Quite simply, a party who is in the position of a plaintiff cannot remove." *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988); *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 210 (E.D.N.Y. 1998) (noting that "[e]very case to consider the question has held that defendants, and only defendants, may remove") (citation omitted).

It is clear that Plaintiff's complaint on behalf of the estate of Anthony Spencer, which she styles as a notice of removal, is deficient and that removal was not properly accomplished in accordance with 28 U.S.C. § 1446(a).[2] Accordingly, the Court dismisses this action because Plaintiff cannot remove the state court action on behalf of the estate of Anthony Spencer.

---

[1] According to the records of the New York Unified Court System, the estate of the Anthony Spencer is represented by counsel in the state court matter. *See Spencer v. Gladstein*, Ind. No. 23849/2013E (N.Y. Sup. Ct., Bx. Cnty.).

[2] If Plaintiff had removed this case, it would be subject to remand. *See Quick v. Shell Oil*, 399 F. Supp. 2d 356, 362 (S.D.N.Y. 2005) ("If the removing party cannot establish its right to removal by competent proof, the removal is improper, and the district court must remand the case to the court in which it was filed."). Because the Court finds that Plaintiff has not actually removed the case as she intended, there is no case that can be remanded.

**C.    Leave to amend denied**

District courts generally grant a *pro se* party an opportunity to amend a filing to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff cannot remove to this court the state court action filed by the estate of Anthony Spencer, the filing cannot be cured with an amendment, and the Court declines to grant Plaintiff leave to amend her submission.

## CONCLUSION

This action is dismissed because Plaintiff cannot remove *Spencer v. Gladstein*, Ind. No. 23849/2013E (N.Y. Sup. Ct., Bx. Cnty.) to this court. The Court also denies Plaintiff's motion to remove (ECF 5). All pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:    August 26, 2024
          New York, New York

_/s/ Laura Taylor Swain_
          LAURA TAYLOR SWAIN
          Chief United States District Judge

4